United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **YUNISQUIY ALVAREZ LABRADA,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00138 |
| | § | |
| **WARDEN OF WEBB COUNTY** | § | |
| **DETENTION CENTER, et al.,** | § | |
| Respondents. | § | |

### ORDER

Before the Court is Petitioner's Verified Petition for a Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges the constitutionality of his detention in federal immigration custody. Petitioner names Warden of Webb County Detention Center; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, Attorney General of the United States, as Respondents.

Based upon a review of the petition, **Petitioner is DIRECTED to serve all Respondents and the United States attorney of the Southern District of Texas** in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and include a copy of this Order with that service. Petitioner is **ORDERED** to submit proof that service was sent via certified mail to Respondents by **February 6, 2026**.

Additionally, the Court **ORDERS** Respondents to file a response to the petition and serve their response on Petitioner **no later than February 9, 2026**. 28 U.S.C. § 2243. Should Petitioner wish to file a reply, they must do so **no later than February 13, 2026**.

As Petitioner notes, on November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland

Security makes an initial custody determination"). The court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).

Accordingly, Respondents are further **ORDERED** to file an advisory or otherwise address in their responsive briefing whether Petitioner is a class member and the effect, if any, of the class certification and declaratory relief. Respondents should file their advisory or responsive briefing with the Court on this issue **by February 9, 2026**.

The Court **DIRECTS** the Clerk of Court to send this Order by electronic mail to USATXS.CivilNotice@usa.doj.gov to provide notice of this action to Respondents. Such service does not substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this stage. Respondents will not be served further notice of activity on this docket automatically. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

Additionally, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas **at least five (5) days** before any such transfer.

It is so **ORDERED**.

**SIGNED** on February 2, 2026.

John A. Kazen
United States District Judge