United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| YUNIESQUIY ALVAREZ LABRADA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00138 |
| | § | |
| WARDEN, WEBB COUNTY | § | |
| DETENTION CENTER, ET AL.,[1] | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 10).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by May 19, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by May 20, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Cuba, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2020 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 6).[2] Petitioner

---

[1] Todd Blanche is automatically substituted for Pamela Bondi in this case under Federal Rule of Civil Procedure 25(d). Markwayne Mullin is automatically substituted for Kristi Noem in this case under the same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

[2] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

originally attempted to enter the United States and request asylum in 2019 at a port of entry. (*Id.*; Dkt. No. 10 at 2). At that time, he was served a Notice to Appear, charging him as removeable, and he was returned to Mexico under 42 U.S.C. § 265 to wait in Mexico while his immigration case was pending. (Dkt. No. 1 at 6; Dkt. No. 10 at 2). After being returned to Mexico in 2019, Petitioner entered the United States without inspection in August 2020. (Dkt. No. 1 at 6; Dkt. No. 10 at 2). As such, his most recent and controlling entry is his entry without inspection in 2020. While living in the United States, Petitioner has lived in Florida with his family and has no criminal history. (Dkt. No. 1 at 11).

On December 16, 2025, Petitioner appeared for a hearing at an immigration court in Texas, which he traveled to from his home in Florida. (*Id.* at 1). At that hearing, the Immigration Judge granted his request to continue his removal proceedings in Miami, Florida. (Dkt. No. 10-2 at 3). While Petitioner was on his return trip to Florida, he passed through a border patrol checkpoint. (*Id.*). Petitioner was then taken into custody and has remained detained since then. (*See* Dkt. No. 10-2 at 3). Petitioner has not received a bond hearing since he's been detained because the IJ denied jurisdiction. (Dkt. No. 1 at 11).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they

are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. In his petition, Petitioner asserts several claims: violation of substantive and procedural due process rights under the Fifth Amendment Due Process Clause, violation of the Immigration and Nationality Act under 8 U.S.C. Section 1226, and request for relief under the *Maldonado Bautista* class action. With respect to his procedural due process, he specifically argues that he has an interest in liberty that must be protected by due process of law. Petitioner requests, among other things, that this Court issue an order declaring his detention unconstitutional, ordering Respondents to immediately release him from custody or provide a bond hearing, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move to dismiss, or alternatively for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[3] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-

---

[3] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[4]

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2020. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2020 still creates a sufficient liberty interest to require that his detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether he should be detained.

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 10), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by May 19, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by May 20, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered

---

[4] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

to return Petitioner's identity documents and personal effects upon his release.

All other relief requested by Petitioner, including his request for recovery of attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 18, 2026.

John A. Kazen
United States District Judge